Battue, J.
 

 "We have examined with care the various objections set out by the prisoner in his bill of exceptions, and are prepared to state the conclusions to which we have been led.
 

 1. The challenge to the array of jurors made by the prisoner, has nothing to sustain it. Such a challenge is an exception to the whole panel, and is generally founded on a charge of partiality, or some default of the sheriff or other officer who summoned them; 3 Black. Com.
 
 359
 
 — 4 Ibid. 452. In the present case, the jurors excepted to, were summoned on a special
 
 venire facias,
 
 issued by an order of the Court and executed by the sheriff. No exception is-taken to the officer, nor to the manner in which he discharged his duty; the objection is founded on the allegation, that the order was not made in the case of the prisoner. But we can see no necessity that the record should show in what particular case the Court made the order. It is sufficient, if it appear, that it was made at the term at which the trial was had. When summoned, the jurors may be called in any case in which a person may be tried at the term for a capital offense ; Eevised Code, chap. 35, section 30.
 

 2. The objection to the introduction as evidence, of the letter written by the prisoner to Mary Cope, is, we suppose, abandoned, as no copy of the letter has been sent up ; though stated to be annexed to the bill of exceptions as a part of it.
 

 3. The purpose for which the prisoner’s counsel proposed to ask the witness, G. L. Gibson, if he had not gone to the witness, Mary Cope, and offered her money, furnished by the
 
 *136
 
 ¡prisoner, to go away, is not stated. We are unable to perceive bow the exclusion of it by the Court, could have prejudiced the cause of -the prisoner.
 

 4. The charge of the-.-Oourt to the jury, -as to the law ap-' ¡plicable to the different views, which they might
 
 take
 
 of the testimony, was. certainly as favorable to the prisoner as he ;.had a right to claim. Whether upon the point in relation to the manner of the-‘killing, it-was not more so, may, perhaps, ■admit of doubt. It is true, that if a man be indicted for one species of killing, as if by poison, he cannot be convicted by proving a totally different species of death as by shooting, starving, or strangling, but .if the-means of the death proved, agree in substance with those charged, it is sufficient. Thus, where the death is caused by-any weapon, the nature and de-scription of the weapon ought to he stated, yet, if it appear that the party was killed by a .different -weapon, it maintains the indictment; as if a wound or bruise be alleged to be given •with a sword, and it proves to be with .a staff or axe, the difference is immaterial; see Ros. Crim. Ev. 706; 1 East’s Pleas of the Crown, 341; 2 Hale Pl. Cr. 185. It is unnecessary
 
 to
 
 pursue the-enquiry, because the error, if there were one, was •in favor.of the prisoner, and he cannot object.to it.
 

 5. The special instructions asked for by the .-prisoner’s coun•sel, were upon a hypothetical state of facts, not .presented by the evidence, and lii-s Honor was, therefore, .not bound to .give them.
 

 We have examined the -whole record, and not having found therein any error, we must direct a certificate to that effect, •;to be sent to the Superior-Court of Rowan.
 

 Per CueiaM, .Judgment .affirmed.